IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTHONY SANTE BOTHWELL, JR                                              PLAINTIFF

v.                          Civil No. 1:24-cv-01079-SOH-CDC

JAIL ADMINISTRATOR GEAN SIEGER; and
OFFICER AJAHM DAVIS                                                     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's failure to prosecute. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff, Anthony Sante Bothwell, Jr., originally submitted this 42 U.S.C. 1983 action *pro se* along with an Application to proceed *in forma pauperis* ("IFP") on November 5, 2024. (ECF No. 1-2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3).

After two different attempts to serve Defendant Officer Ajahm Davis, the Court ordered Plaintiff to provide the Court with a service address for Defendant Davis. (ECF No. 26). Plaintiff's response was due on February 27, 2025. *Id.* Plaintiff failed to respond so the Court entered an Order to Show Cause directing Plaintiff to respond by March 21, 2025 or Defendant Davis would be subject to dismissal. (ECF No. 29). Plaintiff responded on March 13, 2025 stating he did not have any service address for Defendant Davis. (ECF No. 31).

On May 7, 2025, Defendant Sieger filed a Motion for Summary Judgment on the limited issue of exhaustion. (ECF No. 38). On May 8, 2025, the Court ordered Plaintiff to respond to the Motion for Summary Judgment by May 29, 2025. (ECF No. 41). Plaintiff was advised that failure to respond would subject his case to dismissal. *Id.* The Order was not returned as undeliverable mail and Plaintiff failed to respond.

On June 3, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to respond to the Court's May 8, 2025 Order. (ECF No. 42). Plaintiff's response was due on June 24, 2025, and he was again advised that failure to respond would subject his case to dismissal. *Id.* The Order was not returned as undeliverable mail and Plaintiff failed to respond.

Plaintiff has not communicated with the Court since April 15, 2025 when he sent a Notice of change of address to the Cummins Unit. (ECF No. 37). All of subject Orders have been mailed to the Cummins Unit and have not been returned as undeliverable mail.

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a

2

case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders herein. However, the Court does not find dismissal with prejudice is warranted. Accordingly, the Court recommends Plaintiff's Complaint against Defendant Sieger and Defendant Davis be dismissed without prejudice for failure to comply with the Court's Orders.

3

## III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 1st day of July 2025.**

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE